UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

IN RE: Patrick Shawn Broderick and      BK NO. 15-11666-BAH
       April M. Broderick
Chapter 7 Debtors

and

Shamrock Finance, LLC      Adv. Proc # _____
Plaintiff

v.

Patrick Shawn Broderick,
Defendant

## Complaint Seeking Exception to Discharge

*NOW COMES,* Shamrock Finance, LLC, by its attorneys, Shaines & McEachern, PA and files this complaint seeking exception to the debtor's discharge pursuant to 11 USC §523 (a) (4) and §523 (a) (6) stating in support of its complaint as follows;

### Parties and Jurisdiction

1. The Plaintiff, Shamrock Finance, LLC, is a creditor of this estate and a Massachusetts limited liability company, with a principal office at 116 Topsfield Road, Wenham, MA 01984.

2. The Defendant, Patrick Shawn Broderick, is the debtor in this case and an individual residing in New Hampshire with an address of 250 Ohio Ave., Manchester, New Hampshire 03104.

3. This court has jurisdiction over the subject matter and the parties pursuant to 28 USC §1334 and §157 (s) as well as the standing order of referral of Title 11 proceedings to the US Bankruptcy Court for the District of New Hampshire, January 18, 1994 (DiClerico, C.J.).

This is a core proceeding pursuant to 28 USC §157 (b). Pursuant to Administrative Order 7008-1, Shamrock Finance, LLC consents to entry of final orders or judgment by this court.

Facts Common to All Counts

4. Broderick via his wholly owned business, Southern Auto Plus, LLC ("Southern Auto") is in the business of acquiring and selling various motor vehicles under the business name "Southern Auto Plus" and "Southern Auto".

5. On or around November 10, 2014 Shamrock and Defendant entered into an agreement (the "November 2014 Agreement") where Shamrock is to provide financing services and Broderick and Southern Auto are obligated to pay for such services in the amount of Two Hundred Fifty-Five Thousand ($255,000.00) Dollars plus interest at the contract rate of thirty-six (36%) percent in the course of Defendants' business (Said agreement is attached hereto at Exhibit "A").

6. On or around March 4, 2015, Shamrock and Defendant entered into a second agreement (the "March 2015 Agreement") where Shamrock is to provide financing services and Broderick and Southern Auto are obligated to pay for such services in the amount of Twenty-Three Thousand Eight Hundred ($23,800.00) Dollars in the course of Defendants' business (Said agreement is attached hereto as Exhibit "B").

7. Shamrock has provided and Defendant has benefitted from an additional sum of Twenty-Two Thousand Two Hundred Forty-One ($22,241.00) Dollars which Shamrock has advanced to Defendant upon the same terms as the November 2014 Agreement and March 2015 Agreement.

8. The Defendant conducts business in New Hampshire but the November 2014 and March 2015 Agreements provide for the exclusive jurisdiction of the Massachusetts Courts to resolve any and all disputes.

9. Shamrock's documentation provides that all vehicle titles, acquired by Broderick and/or Southern Auto, be collaterally assigned to it until the obligations are paid in full. Thus, to remain in trust the debtor must be making all payments under the agreements, as and when due.

10. The defendant/debtor did not make all payments, as and when due and allowed the various obligations to fall out of trust to the extent of Three Hundred-One Thousand ($301,000.00) Dollars.

11. In addition, on or about April 8, 2015, Broderick and Southern Auto tendered a check to Shamrock which has been dishonored for insufficient funds.

Shamrock Finance, LLC Seeks Exception to Discharge Pursuant to 11 USC §523 (a) (4)

12. All preceding allegations are re-alleged as if set forth here at length.

13. § 523 (a) (4) allows exception from discharge for debts arising from or relating to a.) fraud by a fiduciary, b.) defalcation by a fiduciary c.) embezzlement or d.) larceny.

14. The relationship between an auto seller and his/its floor plan lender is one that gives rise to an express fiduciary relationship.

15. The debtor exploited the benefits of Shamrock Finance, LLC's floor plan financing for pecuniary gain, but failed, neglected and refused to make trust payments, as provided for by its agreement with Shamrock Finance, LLC, which resulted in his loans with Shamrock

Finance, LLC more than Three Hundred-One Thousand ($301,000.00) Dollars out of trust, when the music stopped.

16. The debtor's conduct was at best negligent or reckless, but more likely intentional and in any event, violated § 523 (a) (4) as either fraudulent conduct by a fiduciary, defalcation by a fiduciary, larcenous or embezzlement.

17. Based upon the foregoing Shamrock Finance, LLC's claim should be excepted from discharge under 11 USC § 523 (a) (4).

Shamrock Finance, LLC Seeks Exception from Discharge Pursuant to 11 USC § 523 (a) (6)

18. All preceding allegations are re-alleged as if set forth here at length.

19. The Bankruptcy Code §523 (a) (6) provides an exception to discharge for liabilities which arise from willful and malicious acts of the debtor.

20. Prior decisions of this Court have found that "no special malice towards the creditor need be shown as malice can be present even in the absence of personal hatred, spite, or ill will." Kotsopoulous v Mater (In Re Mater), 335 BR 264,268 (bankr.DNH). In this case the harm was financial and represents Shamrock Finance, LLC's loss of the benefit of the value of the trust payments due upon motor vehicle sales, totaling greater than Three Hundred-One Thousand ($301,000.00) Dollars in losses.

21. Based upon the debtor's conduct, the refusal to make trust payments, honor the terms of the various notes, and breaching promises made verbally in connection with the subsequent advances demonstrates clearly that the debtor's acts were both willful and malicious for purposes of the statute and should result in Shamrock Finance, LLC's claims against the debtor being excepted from discharge under § 523 (a) (6).

**WHEREFORE**, the Plaintiff Shamrock Finance, LLC respectfully prays that this honorable court:

A. Grant Counts I and II of this complaint and except its claim against the debtor from discharge; and

B. Grant such other and further relief as the court deems just and proper.

Respectfully submitted,
Shamrock Finance, LLC

By its Attorneys
Shaines & McEachern, P.A.

Dated: January 25, 2016         By: /s/ Peter V. Doyle
                                Peter V. Doyle
                                282 Corporate Drive
                                Portsmouth, NH 03801
                                (603) 436-3110

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within *Complaint Seeking Exception from Discharge* has been forwarded this date to all parties entitled to electronic service under CM/ECF, including Peter N. Tamposi, Esq., counsel for the Debtor, Victor W. Dahar, Chapter 7 Trustee, and The Office of the US Trustee.

Dated: January 25, 2016         By: /s/ Peter V. Doyle